IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH E. CODY, SR. | : | CIVIL ACTION |
| KELLY ANN R. CODY | : | |
| | : | |
| v. | : | |
| | : | |
| SOLICITOR GENERAL OF THE | : | NO. 15-4057 |
| UNITED STATES | : | |

## MEMORANDUM

**DAVIS, J.**                                                                                                                                                      **JULY 24, 2015**

Plaintiff Joseph E. Cody Sr. filed this civil action on behalf of himself and Kelly Ann R. Cody against the Solicitor General of the United States. He seeks to proceed *in forma pauperis*. The Court will grant Mr. Cody leave to proceed *in forma pauperis* and dismiss the complaint.

The complaint is based on the following factual allegations:

> My father was kidnapped, all of our property and monies were taken by Judge Anne E. Lazuras (Orphan's Court). Our case was appealed to the U.S. Supreme Court and then was directed to the Solicitor General of the U.S. All paperwork was filed around July of 2013 and no contact has happened since. My father is now 82 yrs old – not deceased and living in a nursing home. I have a copy of a death certificate for my father, an obituary but there is no burial plot. A nurse in the nursing home claims my father is still alive. Last contact with a nurse was July 4, 2015.

(Compl. ¶ III.C.) The relief requested in the complaint is "treason against President Barack O'Bama all lower courts, government officials and professionals." (*Id.* ¶ V.) The complaint and *in forma pauperis* motion suggest that Mr. Cody is bringing claims on Ms. Cody's behalf pursuant to a power of attorney.

A *pro se* plaintiff who is not an attorney may not represent another individual in federal court, even if he has a power of attorney. *See Williams v. United States*, 477 F. App'x 9, 11 (3d Cir. 2012) (per curiam) ("Faison Williams's power of attorney for her father may confer certain

decision-making authority under state law, but it does not permit her to represent him pro se in federal court."). Accordingly, the Court will dismiss plaintiff Kelly Ann R. Cody as a party to this case and will dismiss any claims raised on her behalf without prejudice. Mr. Cody's motion to proceed *in forma pauperis* is granted because it appears he is incapable of paying the fees necessary to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss the complaint if it is frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

    Having reviewed Mr. Cody's allegations, the Court cannot discern any nonfrivolous basis for a plausible claim against the defendant. Accordingly, the Court will dismiss the complaint as legally frivolous without leave to amend because amendment would be futile. An appropriate order follows, which shall be docketed separately.